UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN WADE HICKS,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 3:14-cv-05372-BHS-KLS

REPORT AND RECOMMENDATION

Noted for January 23, 2015

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On May 6, 2011, plaintiff filed an application for SSI benefits, and on May 12, 2011, he filed another one for disability insurance benefits, alleging in both applications that he became disabled beginning September 30, 2008. See ECF #12, Administrative Record ("AR") 22. Both applications were denied upon initial administrative review on August 26, 2011, and on

REPORT AND RECOMMENDATION - 1

reconsideration on December 16, 2011. See id. A hearing was held before an administrative law judge ("ALJ") on August 15, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 41-91.

In a decision dated November 29, 2012, the ALJ determined plaintiff to be not disabled. See AR 22-35. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on March 7, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, § 416.1481. On May 14, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3. The administrative record was filed with the Court on July 18, 2014. See ECF #12.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, because the ALJ erred: (1) in evaluating the medical evidence in the record concerning plaintiff's mental health impairments; (2) in evaluating the medical opinion of Guthrie Turner, M.D., concerning plaintiff's physical functional limitations; (3) in assessing plaintiff's residual functional capacity ("RFC"); and (4) in finding him to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the opinion of Dr. Turner, in assessing plaintiff's RFC and in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy, and therefore in determining him to be not disabled. Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

REPORT AND RECOMMENDATION - 2

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").  "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

. . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must

REPORT AND RECOMMENDATION - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

I.        The ALJ's Evaluation of Dr. Turner's Opinion and Assessment of Plaintiff's RFC

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

---

scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

REPORT AND RECOMMENDATION - 5

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Dr. Turner opined in relevant part that plaintiff was limited to only occasional overhead reaching on his right side. See AR 149. The ALJ assigned "significant weight" to Dr. Tuner's overall physical functional capacity assessment, but erroneously noted that he had opined that plaintiff "was limited to frequent . . . reaching overhead with the right upper extremity." AR 33. Plaintiff argues, and defendant concedes, that the ALJ's mischaracterization here constitutes reversible error. The undersigned agrees given that the ALJ's mischaracterization of this aspect of Dr. Turner's opinion calls into question whether she in fact accurately evaluated it. In addition, as pointed out by plaintiff, the ALJ did not incorporate any limitation on overhead reaching on the right side in her assessment of plaintiff's residual functional capacity. See AR 27. On the other hand, as noted by defendant, because it is not at all clear that the ALJ would have adopted the overhead reaching limitation Dr. Turner found had she properly considered it, the ALJ's error does not warrant remand for an outright award of benefits at this time. See

REPORT AND RECOMMENDATION - 6

1  McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002); Smolen v. Chater, 80 F.3d

2  1273, 1292 (9th Cir. 1996).

3  III.  The ALJ's Step Five Determination

4  If a claimant cannot perform his or her past relevant work, at step five of the disability

5  evaluation process the ALJ must show there are a significant number of jobs in the national

6  economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir.

7  1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the

8  testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines

9  (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th

10  Cir. 2000).

11  An ALJ's findings will be upheld if the weight of the medical evidence supports the

12  hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987);

13  Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony

14  therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See

15  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the

16  claimant's disability "must be accurate, detailed, and supported by the medical record." Id.

17  (citations omitted). The ALJ, however, may omit from that description those limitations he or

18  she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

19  At the hearing, the ALJ posed a hypothetical question to the vocational expert containing

20  substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual

21  functional capacity. See AR 87-88. In response to that question, the vocational expert testified

22  that an individual with those limitations – and with the same age, education and work experience

23  as plaintiff – would be able to perform the jobs of printed circuit board screener (Dictionary of

REPORT AND RECOMMENDATION - 7

Occupational Titles ("DOT") 726.654-110, 1991 WL 679616) and table worker (DOT 739.687-182, 1991 WL 680217). See id. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. See AR 33-34. Plaintiff argues and the undersigned agrees that because the ALJ's RFC assessment cannot be said to be supported by substantial evidence at this time, the hypothetical question also cannot be said to be so supported, and thus this constitutes another basis for reversal and remand for further administrative proceedings.

Plaintiff further argues that a conflict exists between the vocational expert's testimony and the DOT's descriptions of the above two jobs – which the ALJ failed to resolve – because while the hypothetical question included a limitation to only "occasional pushing and pulling with the right upper extremity" (AR 87), both jobs actually require the ability to push and pull frequently (see DOT 726.654-110, 1991 WL 679616; DOT 739.687-182, 1991 WL 680217). The undersigned agrees the ALJ erred here as well. The ALJ may rely on vocational expert testimony that "contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ, furthermore, has the affirmative responsibility to ask the vocational expert about possible conflicts between his or her testimony and information in the DOT. Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999); SSR 00-4p, 2000 WL 1898704.

Before relying on evidence obtained from a vocational expert to support a finding of not disabled, therefore, the ALJ is required to "elicit a reasonable explanation for any discrepancy" with the DOT. Haddock, 196 F.3d at 1087; SSR 00-4p, 2000 WL 189704 *1. The ALJ also must explain in his or her decision how the discrepancy or conflict was resolved. SSR 00-4p, 2000 WL 189704 *4. Defendant does not contest the ALJ's failure to resolve this apparent conflict

REPORT AND RECOMMENDATION - 8

between the vocational expert's testimony and the DOT. Because that conflict does appear to exist, and because the ALJ did not resolve it, this failure on the ALJ's part is yet another basis for reversing and remanding this matter for further administrative proceedings.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan, 246 F.3d at 1210. Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record concerning plaintiff's ability to reach overhead on his right side, his residual functional capacity and his ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

REPORT AND RECOMMENDATION - 9

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **January 23, 2015**, as noted in the caption.

DATED this 2 day of January, 2015.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10